SHARP, W., J.
Tennant appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct sentence. He asserts the trial court failed to attach parts of the sentencing transcript which establish the validity of a $50,000.00 investigative cost judgment rendered against him in eleven 1993 Seminole County cases.[1] He also contends that a public defender lien was imposed without notice or opportunity to be heard. We affirm.
Tennant, entered into a plea bargain with the state in the eleven cases which were consolidated for sentencing. Ten-nant states that part of the plea bargain contemplated an investigative cost judgment in favor of the Seminole County Sheriffs Office for $15,267.00.[2] Tennant maintains in this proceeding that he did not contemplate or have notice of the additional investigative costs totaling $50,000.00, which the trial judge imposed at sentencing in favor of the state. Ten-nant also asserts that the court imposed a public defender lien in the amount of $1,500.00 without providing him notice of his right to contest the amount of the lien.
The invalidity of the imposition of such cost judgments and public defender liens due to lack of notice and opportunity to challenge them, are matters which should have been objected to at sentencing and raised on direct appeal. See Maddox v. State, 760 So.2d 89 (Fla.2000); State v. Mike, 760 So.2d 145 (Fla.2000). Further, because these matters involve issues of fact and procedure, they are not cognizable in the context of a motion filed pursuant to rule 3.800(a). See Robinson v. State, 692 So.2d 275 (Fla. 5th DCA 1997); Church v. State, 652 So.2d 911 (Fla. 2d DCA 1995). These alleged errors do not produce an illegal sentence or fundamental error. Any issue concerning the voluntariness of Tennant’s pleas in these eleven cases, should have been raised in a motion to withdraw his pleas prior to sentencing, or in a 3.850 motion filed thereafter.[3] AFFIRMED.
THOMPSON, CJ., and COBB, J., concur.

. Seminole County Case Nos. 93-3501, 93-3546, 93-3547, 93-3548, 93-3551, 93-3552, 93-3553, 93-3554, 93-3580, 93-3588, and 93-3590.

. See generally, § 938.27(1), Fla. Stat. (2001).

. After Tennant was sentenced, Florida Rule of Criminal Procedure 3.170 was amended to allow a motion to withdraw plea to be filed within 30 days after sentencing. See Fla. R.Crim. P. 3.170(Z) (effective January 1, 1997).